AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>DWAYNE ANTHONY SHARPE<br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>)    3:19 mj 288<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 9, 2019__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | felon in possession of a firearm |
| 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) | knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

TFO DUSTIN J. PHILLIPS, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-17-19

*Judge's signature*

City and state:      DAYTON, OHIO      SHARON L. OVINGTON, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Dustin J. Phillips, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I have been employed as a law enforcement officer for the past eleven (11) years. I am a detective with the City of Dayton Police Department ("DPD"), and I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation's Safe Streets Task Force ("SSTF"). As such, I am sworn under 21 U.S.C. § 878 to serve as an officer of the United States duly empowered to conduct criminal investigations and execute arrests for criminal violations pursuant to Titles 18 and 21 of the United States Code.

2. I am also a TFO with the DPD's Narcotics Bureau Street Crimes unit. Since 2013, I have concentrated almost exclusively on the investigation of narcotics-, firearm-, and gang-related criminal cases. During my law enforcement career, I have been involved in a large number of firearm-related arrests, and I have participated in the execution of search warrants resulting in the seizure of large quantities of narcotics and firearms. Additionally, I have participated in undercover narcotics purchases, and have supervised the activities of police informants who provided valuable and accurate information and assistance ultimately resulting in undercover narcotics purchases and apprehensions. Moreover, I have received an extensive amount of formal and informal training in the investigation of drug-trafficking crimes.

3. This affidavit is submitted in support of a criminal complaint, and seeks the issuance of a federal arrest warrant against DWAYNE ANTHONY SHARPE ("SHARPE") for:

    a. being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and

    b. possession with intent to distribute a mixture or substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

4. Along with other law enforcement agents, I have participated in the investigation of SHARPE in connection with the conduct detailed in this affidavit. The facts in this affidavit come from my personal observations, my training and experience, my review of documents related to the case, and information obtained from other law enforcement officers. For purposes of this affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have indirect knowledge.

5. I have elected not to include in this affidavit all of the factual details gathered to date during the investigation, but rather I have included only certain information sufficient to establish probable cause for the requested arrest warrant.

## SUMMARY OF PROBABLE CAUSE

6. On or about May 9, 2019, DPD Officers Michael A. Schwartz and Cody B. Lindsey were on patrol in a marked cruiser when they observed a silver Chevrolet Malibu, bearing Ohio license plate HHV2959, with illegal window tint. Officers Schwartz and Lindsey attempted to stop the Malibu, but it fled. They did not pursue the vehicle.

7. Approximately five minutes later, DPD Officer Jeremy A. Stewart saw what he believed to be the same Malibu in the area of Grimes Street and West Third Street. Officer Stewart pulled his marked cruiser in front of the Malibu in an effort to prevent it from fleeing again, but the Malibu drove around Officer Stewart's car. While making a right turn onto Edwin C. Moses Boulevard, the Malibu lost control, struck a tree, and came to a stop in the middle turn lane.

8. TFO Jason E. Rhodes and I, having responded to the area in our unmarked car to assist Officer Stewart, witnessed the accident. At some point after the Malibu came to a stop, the license plate number was confirmed to be the same as that of the car Officers Schwartz and Lindsey had attempted to pull over earlier.

9. Following the crash, TFO Rhodes and I started driving toward the Malibu, and Officer Stewart did the same. As we approached, the driver of the Malibu, later identified as SHARPE, jumped out and fled on foot. TFO Rhodes and Officer Stewart likewise jumped out and gave chase. While fleeing, SHARPE reached into his pocket, removed a firearm, and threw it on the ground. The gun was recovered and found to be a Beretta 7.65 caliber handgun, bearing serial number 25995. The gun was loaded with seven live rounds, including one in the chamber.

10. TFO Rhodes and Officer Stewart caught up with SHARPE and placed him under arrest. A search of his person revealed a baggie containing several more baggies of suspected narcotics and a digital scale with white residue on it.

11. The suspected narcotics were subsequently submitted to the Miami Valley Regional Crime Laboratory ("MVRCL") for analysis and found to be:

    a. approximately 4.45 grams of a tan powder containing acetyl fentanyl and fentanyl;

    b. approximately 5.97 grams of a crystalline substance containing methamphetamine;

    c. approximately 2.46 grams of a crystalline substance containing methamphetamine; and

    d. an off-white powder not confirmed to contain controlled substances.

12. As part of this investigation, I have consulted with Special Agent ("SA") Christopher Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who specializes in identification of firearms and their origin/place of manufacture. He has advised that

    Beretta firearms are not manufactured in Ohio. Accordingly, the Beretta firearm recovered from SHARPE previously moved in interstate commerce.

13. I have conducted a check of SHARPE's criminal record, which revealed that he has previously been convicted of at least one prior felony punishable by a term of imprisonment exceeding one year.

   a. In May 2013, in the Common Pleas Court of Montgomery County, Ohio, SHARPE pleaded guilty to two counts of Aggravated Robbery, in violation of Ohio Revised Code § 2911.01(A)(1), in *State v. Sharpe*, No. 2012 CR 01045.

   b. An Entry of Waivers and Plea(s), filed May 9, 2013, and a Termination Entry, filed May 30, 2013, appear to indicate that SHARPE's sentencing hearing was held on May 22, 2013 and that SHARPE appeared in court for that hearing. According to the docket, SHARPE was sentenced to six years on each count, to be served concurrently.

14. Based on the above information, I believe that probable cause exists to conclude that, on or about May 9, 2019, while in the Southern District of Ohio, SHARPE:

   a. having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Beretta 7.65 caliber handgun, said firearm having been shipped and transported in interstate commerce, in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2); and

   b. knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

15. As such, I respectfully request that an arrest warrant be issued against SHARPE.

                                        Dustin J. Phillips, Task Force Officer
                                        FBI-SSTF Task Force
                                        DPD-Narcotics Bureau

Subscribed and sworn to before me this 17th day of May 2019.

SHARON L. OVINGTON
UNITED STATES MAGISTRATE JUDGE

3